# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJIMUS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREEA SIMO, an Individual,<br><br>        Defendant. | Case No. 8:22-cv-1194-JVS(JDEx)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT [18]**<br><br>Dept.:    Courtroom 10C<br>Judge:   Hon. James V. Selna<br>Trial Date:  Not Set |

## ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT

Having reviewed and considered the Complaint (ECF No. 1) in this matter and having considered the REJIMUS, Inc. (REJIMUS) and Andreea Simo's (Simo) (collectively, the Parties) Joint Motion for Entry of Stipulated Permanent Injunction and Final Judgment (Joint Motion) the Court hereby **GRANTS** the Parties' Joint Motion and enters judgment as follows:

1. The Court has jurisdiction over the Parties and all the claims set forth in Plaintiff's Complaint.
2. Stipulated Permanent Injunction:

a. This Permanent Injunction is granted on the findings that (i) the Parties have stipulated to entry of this Permanent Injunction in an effort to resolve this dispute; (ii) the conduct set forth in Plaintiffs' Complaint, if proven, constitutes a breach of contract and violation of 18 U.S.C. section 1836; (iii) this Permanent Injunction offers meaningful protection of REJIMUS' trade secrets and confidential information and will cause Defendant no harm; (iv) public disclosure of REJIMUS' trade secrets and confidential information would cause REJIMUS irreparable harm (for which legal remedies would be inadequate) in the form of damage to REJIMUS' goodwill, reputation, and competitive standing in the industry; and that (v) issuance of this injunction serves the public interest, including the public's interest in protecting trade secrets.

b. Simo is hereby enjoined as follows:

   i. Simo shall not use and shall strictly maintain the confidentiality of any and all confidential, proprietary, and/or trade secret information, including but not limited to report templates, working nutritional calculating spreadsheets, client specific deliverables (as well as client provided data, documentation, formulas and artwork), unique report formats, coding schemes, presentation of regulatory information and regulatory assessments, all of which REJIMUS contends were closely held secrets that allow REJIMUS to maintain its competitive advantage (REJIMUS Information) that

          Simo obtained or accessed incident to her employment with REJIMUS;

    ii. Simo shall not access, download, or otherwise put to use REJIMUS Information that she may have access to by way of her HealthCanada account;

    iii. Except for the HealthCanada account, in the event Simo later discovers REJIMUS Information that is still in her possession, she shall immediately notify REJIMUS in writing (whether electronically or with mail and delivery receipt) within twenty-four (24) hours of said discovery citing the specific records or documentation constituting REJIMUS Information, and either return it in whole form or irretrievably delete and/or destroy such REJIMUS Information with approval in writing by REJIMUS, prior to said actions being taken;

3. Judgment is entered in favor of REJIMUS on Claims One and Four of the Complaint, which are breach of contract and trade secret misappropriation in violation of 18 U.S.C. § 1836.

4. Claims Two and Three in the Complaint are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

5. REJIMUS' award on Claims One and Four consists solely of the injunctive relief herein granted.

6. The Parties shall each bear their own costs and attorney's fees.

7. The Court retains jurisdiction over this matter and the Parties to this action to enforce the terms of the Parties' settlement agreement and this Stipulated Permanent Injunction and Final Judgment.

**IT IS SO ORDERED**

Dated: May 31, 2023

_____
Hon. James V. Selna